WESTBROOKS, J., CONCURRING IN PART AND DISSENTING IN PART:
 

 ¶ 68. I agree in part with the lead opinion. I also agree with Judge Griffis's determination that Perkins's other children should recover as wrongful death beneficiaries. I write separately because I am of the opinion that the appellants' failure to object or file a motion under Mississippi Rule of Civil Procedure 59 in the trial court is problematic and presents a high hurdle that they cannot clear simply by appealing that issue to this Court. Accordingly, the appellants are procedurally barred from asserting their claim against the chancellor's determination of Tina as a wrongful death beneficiary, and the chancellor did not err.
 

 ¶ 69. In the proceeding held on December 2014, Roshida's prayer of relief was that the chancellor would find that both she and her daughter Tina were wrongful death beneficiaries. The lead opinion acknowledges that the appellants neither raised this argument before the chancellor, nor did they object.
 
 [12]
 

 Ante
 
 at ¶ 17. The record is also void of a Rule 59 motion filed by the appellants. Accordingly, I would find that the appellants waived their right to challenge the chancellor's determination because:
 

 [T]his Court does not review matters on appeal that were not first raised at the trial level. Before an issue can be presented to this Court, it must first be presented to the trial court. This is done by an objection. A timely objection brings the issue to the court's attention, and gives it the opportunity to address the issue.
 

 Wilburn v. Wilburn
 
 ,
 
 991 So.2d 1185
 
 , 1191 (¶ 13) (Miss. 2008). Because the appellants waived the issue before the chancellor, this
 Court should not even address whether Roshida raised the issue of "waiver" on appeal.
 

 ¶ 70. Accordingly, I would find no error in the chancellor's finding that Tina was "living" at the time of Delvyn's death.
 

 ¶ 71. Therefore, I respectfully dissent in part.
 

 The lead opinion also notes that Roshida did not raise the issue of waiver on appeal.